**STATE of Tennessee, Appellee,**

v.

**Gary Lynn HOLLAND, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Aug. 18, 1983.

William M. Leech, Jr., Atty. Gen. & Reporter, Jennifer Helton Small, Asst. Atty. Gen., Nashville, Roger Moore, Asst. Atty. Gen., Jackson, for appellee.

Ronald E. Darby, Camden, for appellant.

## OPINION

O'BRIEN, Judge.

The defendant, Gary Lynn Holland, has appealed, pursuant to Rule 9, T.R.A.P., from a judgment denying pretrial diversion.

The District Attorney General denied the defendant's application and the Circuit Court held that the District Attorney did not abuse his discretion. After considering the record, we affirm the judgment of the trial court.

The defendant and four others were indicted for false pretense pursuant to T.C.A. § 39-3-901. They were charged with defrauding Madison County Highway Department by presenting false weight tickets, purporting to represent that gravel had been delivered to the Madison County Highway Department and collecting money from Madison County. In a second count, the same individuals were indicted for conspiracy in violation of T.C.A. § 39-1-601 in connection with the illegal activity charged in the first count. These offenses are alleged to have occurred on "diverse days of May through August, 1982."

By letter of January 10, 1983, the District Attorney denied the defendant's application for diversion on the following grounds:

"1. The offenses committed are such that there was evidently planning, deliberation, and cooperation among several people in this criminal venture.

2. The ultimate victims are the taxpayers of Madison County; the actions of [defendant] and his co-defendants have been committed against the public and in my opinion makes this an extremely serious case.

3. This criminal venture involved deception and deceit and was not a crime of impulse.

4. Crimes of this nature are serious problems in this Circuit and the deterrent of arrest and prosecution would be negated by placing this defendant on Pre-trial Diversion"

The record is undisputed that the defendant has no prior criminal record and has established himself as a reputable person in his home county of Benton. He is a high school graduate in good physical and mental condition and does not use alcoholic beverages or drugs. He is 25 years of age, married and has two small children. He

provides for his wife and two children and assists with the support of his aged mother. He is in stable financial condition and enjoys a good reputation in his community. Notwithstanding his criminal conduct as an employee of Camden Gravel Company, he is still employed by that company as a truck driver.

The investigation in the hands of the District Attorney General indicated that the defendant and at least one other gravel truck driver from Camden Gravel Company, during different times, would bring a load of gravel to the Madison County Highway Department. The truck driver would give the individual at the gravel pit two tickets indicating that the Highway Department received two loads of gravel when actually only one load was delivered. In return for signing the false ticket, the defendant and the other drivers would give the person signing the ticket a sum of money for signing the fraudulent ticket.

The defendant gave an investigating officer a signed statement admitting that he participated in this fraudulent scheme on two occasions. He stated that he sold one load of gravel to a private person for $75 and paid the person at the scales $10 to sign the false ticket. The defendant said that he also delivered a false ticket to the man at the scales at Madison County Highway Department for another truck driver.

■ T.C.A. § 40–15–105 places the discretion of whether or not to grant pretrial diversion with the District Attorney General. Therefore, the Criminal Court looks to the information before the District Attorney General to determine whether he abused his discretion in denying diversion. *State v. Poplar,* 612 S.W.2d 498 (Tenn.Cr. App.1980). The decision of the District Attorney General is presumptively correct and should not be set aside unless there is no substantial evidence to support his action. *State v. Watkins,* 607 S.W.2d 486 (Tenn.Cr. App.1980). The same guidelines are applicable in diversion cases as are applicable in probation cases but they are more stringently applied to diversion applicants. *State v. Poplar,* supra.

■ In *State v. Hammersley,* 650 S.W.2d 352 (Tenn.1983), our Supreme Court reaffirmed the proposition that it is appropriate for the District Attorney General to inquire into the circumstances of the offense when considering an application for diversion. The *Hammersley* opinion also resolved apparent conflicts in opinions of this Court with respect to the deterrence factor. *Hammersley* held that deterrence should be considered in pretrial diversion cases in the same manner as it is considered in probation cases. Deterrence to others as well as deterrence to the defendant is appropriate for consideration.

■ We do not think that ground 2 given by the District Attorney for denial of diversion is a valid one. We can see no distinction between an act of defrauding individuals and the defrauding of the government. The remaining three reasons assigned by the District Attorney are valid. They involve the magnitude of the crime and the deterrent factor. The criminal activity on the part of the five defendants was extensive and required much planning, deliberation and cooperation. These were not crimes committed upon impulse but involved considerable effort in being carried out and concealed. No one is in a better position to be informed of criminal activity in a circuit than the District Attorney General. He observed that fraudulent crimes of this nature are serious problems in his circuit and is in need of deterrence.

We do not find that the District Attorney abused his discretion in denying pretrial diversion or that the Circuit Judge erred in so holding.

The judgment of the trial court is affirmed and this case is remanded to the Circuit Court of Madison County for trial.

DWYER and SCOTT, JJ., concur.