# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### May 9, 2000 Session

## STATE OF TENNESSEE v. DANIEL SHANE MALONE

### Direct Appeal from the Circuit Court for Madison County
### No. 97-853    John F. Murchison, Judge

---

### No. W1999-01678-CCA-R9-CD - Filed November 8, 2000

---

The Defendant was indicted for statutory rape and contributing to the delinquency of a minor. The District Attorney General denied the Defendant's application for pretrial diversion. The trial court subsequently granted pretrial diversion. Pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, the trial court granted the State permission for an interlocutory appeal, and this Court allowed the State's appeal. On appeal, the State argues that the trial court erred in granting pretrial diversion. We agree that the trial court committed reversible error in granting pretrial diversion and remand to the circuit court for further proceedings.

### Tenn. R. App. P. 9 Interlocutory Appeal by Permission from the Trial Court; Judgment of the Circuit Court Reversed and Remanded.

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JERRY L. SMITH, JJ., joined.

Paul G. Summers, Attorney General and Reporter, Kim R. Helper, Assistant Attorney General, James G. Woodall, District Attorney General, and Shaun A. Brown, Assistant District Attorney General, for the appellant, State of Tennessee.

Tony A. Childress, Assistant Public Defender, Jackson, George Morton Googe, District Public Defender; and Vanessa D. King, Assistant Public Defender, Jackson, Tennessee, for the appellee, Daniel Shane Malone.

### OPINION

On November 24, 1997, the Madison County Grand Jury indicted the Defendant, Daniel Shane Malone, for three counts of statutory rape and two counts of contributing to the delinquency of a minor. The trial court ordered an investigation to determine whether the Defendant was suitable

for pretrial diversion. The pretrial investigation report indicated that the Defendant, who was twenty years old at the time of the alleged offenses, had sexual intercourse with a fifteen-year-old girl on three separate occasions. In her statement, the victim said that the Defendant provided her with alcohol and marijuana before each encounter. The victim became pregnant and later had a miscarriage. According to the report, the Defendant had no prior criminal history. The report also showed that the Defendant had been working since he was seventeen years old in a masonry business of which he was part-owner and that he expressed a willingness to make any restitution ordered.

After the investigation report was released, but before an application for pretrial diversion was filed, the District Attorney denied the Defendant's application citing the following reasons:

1. The facts of this case involve 4 occasions of Statutory Rape by the defendant on 3 different occasions, which resulted in the 15 year old victim becoming pregnant.
2. It is the defendant's responsibility to provide this office with sufficient evidence of his qualifications for pretrial diversion. The defendant has failed to provide this office with any evidence and having failed in this obligation the defendant cannot be granted pretrial diversion. State v. Herron, 767 S.W.2d 151 (Tenn. 1989).
3. The defendant's crimes were not the result of impulse but required considerable effort and planning. State v. Holland, 661 S.W.2d 91 (Tenn. Crim. App. 1983).
4. The defendant has expressed no remorse for his conduct nor has he made any effort to make his victim whole. State v. Nease, 713 S.W.2d 90.
5. The defendant has a poor work history indicating a serious lack of motivation to successfully complete pretrial diversion.
6. No family or friends are forthcoming to aid or encourage the defendant in any pretrial diversion program. Without such encouragement the defendant cannot hope to successfully complete pretrial diversion.
7. Statutory Rape and Contributing to the Delinquency of a Minor are serious problems in this jurisdiction and allowing the defendant to participate in pretrial diversion would greatly undermine law enforcement efforts at curtailing this type of criminal activity. State v. Holland, 661 S.W.2d 91 (Tenn. Crim. App. 1983).

8.  The defendant willingly involved a juvenile in his crime.
9.  There is no indication that the defendant would have stopped his/her criminal activity but for the intervention of law enforcement. State v. Markham, 755 S.W.2d 850.
10. The defendant was indicted for these multiple counts of Statutory Rape (3 counts) and Contributing to the Delinquency of a Minor (2 counts) on November 24, 1997 and was arraigned on those charges on December 2, 1997, and did not apply for pretrial diversion until June of 1999, which has caused a considerable delay.

The District Attorney went on to say that he balanced the above listed factors against the mitigating circumstances supplied to his office; however, the mitigating circumstances were not explicitly listed in the denial. The Defendant filed an application for a writ of certiorari on August 4, 1999. After a brief certiorari hearing on September 14, 1999 which consisted of statements by the attorneys and the exhibiting of pertinent documents,[1] the trial court took the matter under advisement. On October 27, 1999 the trial court entered an order stating in part that "the defendant should be granted diversion because the defendant is charged with a Class E felony, the defendant has no prior criminal record, and the defendant is 21 years of age. IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the decision of the District Attorney General to deny diversion is overruled." The trial court did not find that the District Attorney General abused his discretion. From this record, we can only conclude that the trial court granted diversion to the Defendant because the Defendant "has no prior criminal record, and . . . is 21 years of age" and because the Class E felony charge in this case is an offense for which pretrial diversion is not excluded by statute

---

[1]The documents exhibited consisted of the "denial" letter from General Woodall to Ms. King (Exhibit 1) and the Jackson Police Department Incident Report (Exhibit 2). The trial court stated that it would also consider the "pre-sentence report," which was filed as Exhibit "A" to the Petition for Writ of Certiorari.

as a possible disposition. The State of Tennessee, pursuant to the Tennessee Rules of Appellate Procedure 9(d), now appeals the trial court's decision to allow pretrial diversion.

Pretrial diversion allows the district attorney general to suspend prosecution for a period of up to two years against a defendant who meets certain statutory requirements. <u>See</u> Tenn. Code Ann. § 40-15-105(a)(1)(A). In order to qualify for pretrial diversion, the defendant must not have previously been granted diversion under this statute; must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony conviction within a five-year period after completing the sentence or probationary period for such prior conviction; and must not be seeking diversion for a Class A or B felony, a sexual offense,[2] driving under the influence, or vehicular assault. <u>Id.</u> § 40-15-105(a)(1)(B)(i)(a)-(c). Such eligibility does not presumptively entitle a defendant to pretrial diversion, but rather places such a decision within the discretion of the district attorney so long as the defendant is statutorily qualified. <u>State v. Curry</u>, 988 S.W.2d 153, 157 (Tenn. 1999).

It is the defendant's duty to demonstrate suitability for pretrial diversion. <u>State v. Herron</u>, 767 S.W.2d 151, 156 (Tenn. 1989); <u>State v. Winsett</u>, 882 S.W.2d 806, 809-10 (Tenn. Crim. App. 1993). However, this requirement does not relieve the prosecutor of his or her duty to consider and articulate all the relevant factors. <u>Curry</u>, 988 S.W.2d at 157. The district attorney is required to consider all relevant factors when determining whether or not to grant pretrial diversion. <u>State v.</u>

---

[2]Statutory rape is not included as a "sexual offense" for which a defendant would be disqualified from seeking pre-trial diversion. <u>See</u> Tenn. Code Ann. § 40-15-105(a)(1)(B)(ii)(a)-(h).

Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). The Tennessee Supreme Court has outlined the criteria that should be considered by the prosecutor in granting or denying pretrial diversion:

> When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983); see also Curry, 988 S.W.2d at 157.

Where pretrial diversion is denied by the district attorney, the factors and evidence considered in making the decision must be clearly set forth in writing along with the weight accorded to each factor. Pinkham, 955 S.W.2d at 960; Winsett, 882 S.W.2d at 806. The district attorney general must do more than abstractly state that he or she has considered each of the factors. Herron, 767 S.W.2d at 156. Rather, the factors must be "clearly articulable and stated in the record." Hammersley, 650 S.W.2d at 355. Failure to consider and articulate all of the relevant factors constitutes an abuse of discretion. See Curry, 988 S.W.2d at 157-58.

A defendant who has been denied pretrial diversion by the district attorney has the right to petition for a writ of certiorari to the trial court for an abuse of prosecutorial discretion. Tenn. Code Ann. § 40-15-105(b)(3). Although presumptively correct, a trial court may overrule a district attorney's denial of pretrial diversion where there has been an abuse of discretion. However, the trial

judge cannot simply substitute his or her own judgment for that of the district attorney. State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App 1980). To show prosecutorial abuse of discretion, the record must lack any substantial evidence to support the denial of pretrial diversion. Curry, 988 S.W.2d at 158.

The legislature has vested the authority to prosecute a case or divert it with the prosecutor rather than the court. See Tenn. Code Ann. § 40-15-105; State v. Carr, 861 S.W.2d 850, 858 (Tenn. Crim. App. 1993). In reviewing the prosecutor's denial of diversion, the trial court must look at all the relevant factors to determine whether the prosecutor considered them, and if he or she did not, to determine whether pretrial diversion is appropriate. Herron, 767 S.W.2d at 156; Carr, 861 S.W.2d at 858. In reviewing whether the prosecutor has abused his or her discretion regarding diversion, the trial court must undertake the same process required of the prosecutor in considering and weighing the relevant factors. Herron, 767 S.W.2d at 156.

In the present case, there is nothing in the record to indicate that the trial court undertook the appropriate weighing process. Nor is there anything in the record to indicate that the trial court properly reviewed the District Attorney General's denial of pretrial diversion for an abuse of discretion. Based on the record before us, we can only conclude that the trial court improperly substituted its judgment for that of the District Attorney General. Tennessee Code Annotated § 40-15-105(b)(3) provides in pertinent part: "If the trial court finds that the prosecuting attorney has committed an abuse of discretion in failing to divert, the trial court may order the prosecuting attorney to place the defendant on diversion status on such terms and conditions as the trial court

may order." Because the trial court failed to find that the prosecuting attorney committed an abuse of discretion in failing to divert in this case, the trial court erred in ordering diversion for the Defendant.

For these reasons, we REVERSE the judgment of the trial court and REMAND this case to the Madison County Circuit Court for further proceedings.

_____

ROBERT W. WEDEMEYER, JUDGE