IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 11, 2001

## STATE OF TENNESSEE v. TIMOTHY C. JEWELL, JR.

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-13528      Arthur T. Bennett, Judge**

_____

**No. W2000-00998-CCA-R3-CD  - Filed May 15, 2001**

_____

The Defendant pleaded guilty to one count of aggravated burglary, a Class C felony, and two counts of theft over one thousand dollars, Class D felonies. The trial court sentenced the Defendant to an effective sentence of three years incarceration in the local workhouse. The Defendant now appeals, arguing that the trial court erred in denying him alternative sentencing. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Marvin E. Ballin, Memphis, Tennessee, for the Appellant, Timothy C. Jewell, Jr.

Paul G. Summers, Attorney General and Reporter, Elizabeth B. Marney, Assistant Attorney General, William L. Gibbons, District Attorney General, and David Pritchard, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Defendant, Timothy C. Jewell, Jr., pleaded guilty to one count of aggravated burglary, a Class C felony, and two counts of theft over one thousand dollars, Class D felonies. The trial court sentenced the Defendant to three years incarceration for the aggravated burglary conviction and to two years incarceration for each of the theft convictions to be served concurrently, for an effective sentence of three years in the local workhouse. The Defendant now appeals, arguing that the trial court erred in denying him alternative sentencing.

FACTS

On April 29, 1998, officers responded to a complaint of burglary and theft at a Shelby County residence owned by Lawrence Guidi. During the investigation, the Defendant confessed to entering the residence, along with co-defendants Eric Eli and Michael Walker, and to taking several weapons without the owner's consent. The Defendant admitted that after the burglary, he hid the guns in his house and then tossed them out on the side of the road when he discovered that the police were investigating him. The Defendant later helped police recover the guns, which were ultimately returned to the owner. After the burglary, the Defendant moved in with Guidi and helped repay some of the loss.

At the sentencing hearing, the Defendant admitted to an extensive juvenile record, including numerous instances where he was given opportunities to turn his life around and yet continued his criminal behavior. However, the Defendant testified that he no longer associated with the group of people that he alleges were influential in his previous criminal conduct. The Defendant also testified that he was living with his mother and that he had maintained a steady job for the past year. The Defendant was employed at Cordova Floors and worked approximately sixty or seventy hours per week. The Defendant also testified that he helped his mother financially while he was living with her. The Defendant testified that he had obtained his GED and was hoping to attend college in the future.

ANALYSIS

The Defendant argues that the trial court erred in not granting him some form of alternative sentencing. Specifically, the Defendant argues that the trial court placed too much weight on the Defendant's prior criminal record and that the trial court failed to adequately articulate why the Defendant should be denied alternative sentencing. We respectfully disagree.

When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any

statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The presumptive sentence to be imposed by the trial court for a Class B, C, D or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors. Id. § 40-35-210(e). The weight to be given each factor is left to the discretion of the trial judge. Shelton, 854 S.W.2d at 123. However, the sentence must be adequately supported by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence. Tenn. Code Ann. § 40-35-209(c). The record should also include any enhancement or mitigating factors applied by the trial court. Id. § 40-35-210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996). Because the record in this case indicates that the trial court adequately considered the enhancement and mitigating factors as well as the underlying facts, our review is de novo with a presumption of correctness.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

With certain exceptions, a defendant is eligible for probation if the sentence actually imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a). "Although probation 'must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law.'" State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997) (citing Tenn. Code Ann. § 40-35-303(b) sentencing comm'n cmts). In determining whether to grant or deny probation, the trial court may consider the circumstances of the offense; the defendant's criminal record, background and social history; the defendant's physical and mental health; the deterrent effect on other criminal activity; and the likelihood that probation is in the best interests of both the public and the defendant. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). The defendant has the burden of establishing suitability for probation. Tenn. Code Ann. § 40-35-303(b); Ashby, 823 S.W.2d at 169. An especially mitigated or standard offender convicted of a Class C,

D or E felony who does not fit within certain parameters[1] is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

However, we further note that even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated § 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if
> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; or
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Id. § 40-35-103(1)(A)-(C).

In this case, although the Defendant was presumptively entitled to probation because his sentence was less than eight years, see Tenn. Code Ann. § 40-35-102(6), -303(a), the State adequately rebutted that presumption. The Defendant had an extensive history of criminal behavior when he was a juvenile. The pre-sentence report indicated that he had eleven charges ranging from truancy to assault and aggravated burglary between May 1993 and June 1997. In addition, less restrictive measures than confinement had previously been applied unsuccessfully to the Defendant. The Defendant was placed in Boys Town and Hanover House after the drug, theft and aggravated burglary offenses for purposes of rehabilitation; however, within three months, the Defendant committed an assault. The trial court stated, and we agree, that "this Defendant has . . . had plenty of opportunities to turn himself around," yet he never did so.

The Defendant argues that the trial court placed too much emphasis on the nature and circumstances of the offense in making its sentencing determination. We disagree. The Defendant broke into the home of someone who knew and trusted him and stole a number of weapons. The Defendant then tried to hide the evidence when he became aware that he was being investigated. The trial court stated that some confinement was necessary "to protect society from this type of activity where this defendant has this long record of criminal offenses, even though their [*sic*] juveniles." The trial court also stated that confinement was necessary "to let the juveniles know that you don't get the same juvenile punishment when you come to adult court to deter them from reaching this point in their criminal lives when they come up here." In conjunction with his discussion of deterrence, the trial court also mentioned the involvement of "some codefendants here, Walker and Ely, that was in on this too."

---

[1] Tennessee Code Annotated § 40-35-102(5) states that "[c]onvicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . ."

Our Supreme Court has recently addressed the issue of deterrence in <u>State v. Hooper</u>, 29 S.W.3d 1 (Tenn. 2000). In <u>Hooper</u>, our supreme court held that a trial court's decision to incarcerate a defendant based on the need for deterrence will be presumed correct "so long as any reasonable person looking at the entire record could conclude that (1) a need to deter similar crimes is present in the particular community, jurisdiction, or in the state as a whole, and (2) incarceration of the defendant may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes." <u>Id.</u> at 10.

<u>Hooper</u> sets out certain factors to be considered by trial courts when deciding whether a need for deterrence is present and whether incarceration is "particularly suited" to achieve that goal. <u>See id.</u> at 10-12. In this case, the defendant's crime was the result of intentional or knowing behavior. The crime also involved co-defendants, from which the trial court could logically infer that the defendant was a member of a criminal enterprise or substantially encouraged or assisted others in achieving the criminal objective. These two <u>Hooper</u> factors support the trial court's application of deterrence as a reason to incarcerate the Defendant in this case. <u>See id.</u> at 11-12. Moreover, there is ample evidence in the record to support the trial court's sentence of incarceration based on the Defendant's long history of juvenile crime and the frequent and recent failures of measures less restrictive than confinement that have been applied to the Defendant.

We conclude that the Defendant's prior criminal behavior, in combination with the continued failure of other less restrictive measures than confinement and the deterrence factor analyzed above, warranted the sentence of incarceration in this case. We also conclude that the trial court properly denied judicial diversion in this case. It is well settled that "[t]he same guidelines are applicable in diversion cases as are applicable in probation case, but they are more stringently applied to diversion applicants." <u>State v. Holland</u>, 661 S.W.2d 91, 93 (Tenn. Crim. App. 1983). There is substantial evidence to support the trial court's decision to deny judicial diversion, and thus we find no abuse of discretion by the trial court in doing so.

Accordingly, the judgment of the trial court is AFFIRMED.

 

 

_____
ROBERT W. WEDEMEYER, JUDGE