IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 11, 2001

## STATE OF TENNESSEE v. ARHONDA RICE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-05935     James C. Beasley, Jr., Judge**

---

**No. W2000-03004-CCA-R3-CD - Filed October 16, 2001**

---

The Defendant pled guilty to theft over $1,000.00, a Class D felony, and the trial court sentenced her to two years incarceration as a Range I standard offender. The trial court suspended the Defendant's sentence and placed her on seven years probation. The trial court also ordered the Defendant to serve one hundred weekends at the Shelby County Correctional Center, perform five hundred hours of community service, and pay $8,400.00 in restitution. The Defendant now appeals, arguing (1) the trial court erred in denying her judicial diversion, and (2) that the trial court erred in denying her full probation. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA McGEE OGLE, JJ., joined.

Tony N. Brayton, Assistant Public Defender (on appeal), Memphis, Tennessee; and Phyllis Aluko, Assistant Public Defender (at trial), Memphis, Tennessee, for the Appellant, Arhonda Rice.

Paul G. Summers, Attorney General and Reporter; Laura McMullen Ford, Assistant Attorney General; William L. Gibbons, District Attorney General; and Kevin Rardin, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### I. Facts

The Defendant, Arhonda Rice, worked as a certified nursing assistant for Trained Medical Staffing, a temporary medical personnel agency. According to William Brewer, an employee of Trained Medical Staffing, between May 18, 1998 and August 28, 1998, the Defendant turned in over one hundred fraudulent time sheets for hours she had allegedly worked at Highpoint Rehab in Shelby County, Tennessee. Each of these time sheets was supposedly signed by either Sandra Ayres or Gertrude Fry, registered nurses at Highpoint Rehab; however, both signed affidavits stating that the

signatures on those forms were not theirs. When confronted by her employer, the Defendant admitted to the theft. According to the State, Trained Medical Staffing suffered a loss of $10,086.50.

In a hearing on a motion to suspend her sentence, the Defendant testified that she padded her hours because she needed extra money to "pay a few bills off." According to the Defendant, at least one other girl with whom she worked was doing the same thing, and that is how she got the idea to falsify her time sheets. The Defendant testified that she felt guilty about what she had done. However, the Defendant went to work soon thereafter for Critical Care Nursing, where she "did the same thing." At the time of her plea, the Defendant was also charged with forgery and theft of property over $500.00 for defrauding Critical Care Nursing of $816.70 by submitting falsified time sheets. As part of the plea agreement, the State did not submit that case to the Grand Jury.

## II. Analysis

### A. Probation

The Defendant argues that the trial court erred in denying her full probation. When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The presumptive sentence to be imposed by the trial court for a Class B, C, D or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors. Id. § 40-35-210(e). The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). However, the sentence must be adequately supported

by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence. Tenn. Code Ann. § 40-35-209(c). The record should also include any enhancement or mitigating factors applied by the trial court. Id. § 40-35-210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996). Because the record in this case indicates that the trial court adequately considered the enhancement and mitigating factors as well as the underlying facts, our review is de novo with a presumption of correctness.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

With certain exceptions, a defendant is eligible for probation if the sentence actually imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a). "Although probation 'must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law.'" State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997) (citing Tenn. Code Ann. § 40-35-303(b) sentencing comm'n cmts). In determining whether to grant or deny probation, the trial court may consider the circumstances of the offense; the defendant's criminal record, background and social history; the defendant's physical and mental health; the deterrent effect on other criminal activity; and the likelihood that probation is in the best interests of both the public and the defendant. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). The Defendant has the burden of establishing suitability for probation. Tenn. Code Ann. § 40-35-303(b); Ashby, 823 S.W.2d at 169. An especially mitigated or standard offender convicted of a Class C, D or E felony who does not fit within certain parameters[1] is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

However, we further note that even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated § 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if

---

[1] Tennessee Code Annotated § 40-35-102(5) states that "[c]onvicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . ."

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Id. § 40-35-103(1)(A)-(C).

The Defendant argues that she should have received full probation. The trial court found that the nature of the offense warranted some incarceration and sentenced her to two years incarceration as a Range I standard offender, the minimum sentence for a Class D felony. The trial court suspended the Defendant's sentence, and placed her on seven years probation. The trial court also ordered the Defendant to serve one hundred weekends at the Shelby County Correctional Center, perform five hundred hours of community service, and pay $8,400.00 in restitution. The Defendant argues that the trial court denied her probation based solely on the nature of the offense. However, this Court has held that probation may be denied based solely on the circumstances of the offense when they outweigh all other factors favoring probation. State v. Fletcher, 805 S.W.2d 785, 788-89 (Tenn. Crim. App. 1991).

The evidence presented at the sentencing hearing showed that the Defendant repeatedly forged documents and stole from her employer. She claimed that she needed money to pay her bills, but when asked if she tried to find a second job, she replied that she "didn't make an effort, at all." When the Defendant was approached about the thefts by her employer, she left Trained Medical Staffing, and eventually began working for another company where she also forged time sheets. The trial court noted the "systematic nature of the thefts" and the "well thought out and planned nature of the crime." The court also noted that "[w]hen caught and confronted with it, [the Defendant] move on to another location and did it again."

The Defendant testified that she plans to pay restitution, and she testified that in order to do so, she plans on working for Circle-K and getting help from her parents. The Defendant had a consistent work history since December 1996; however, she was unemployed at the time of the sentencing hearing. The Defendant has no prior criminal convictions. No enhancement or mitigating factors were filed.

After a thorough review of the record, including transcripts of the plea agreement hearing and the sentencing hearing, the presentence report, as well as the principles of sentencing, we conclude that the trial court properly denied the Defendant full probation.

## B. Judicial Diversion

The Defendant also argues that the trial court erred in declining to impose a sentence pursuant to Tennessee Code Annotated § 40-35-313, commonly referred to as judicial diversion.

Specifically, the Defendant argues that the trial court failed to properly articulate how it weighed the factors in deciding to deny judicial diversion. According to this statute, the trial court may in its discretion, following a determination of guilt, defer further proceedings and place a qualified defendant on probation without entering a judgment of guilt. Tenn. Code Ann. § 40-35-313(a)(1)(A). A qualified defendant is one who pleads guilty or is found guilty of a misdemeanor or a Class C, D or E felony; who has not previously been convicted of felony or a Class A misdemeanor; and who is not seeking deferral for a sexual offense or a Class A or Class B felony. Id. § 40-35-313(a)(1)(B)(I)(a)-(c); State v. Parker, 932 S.W.2d at 958.

When a defendant contends that the trial court committed error in refusing to grant judicial diversion, this Court must determine whether the trial court abused its discretion in failing to sentence pursuant to the statute. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998); State v. Cutshaw, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997). Judicial diversion is similar to pretrial diversion; however, judicial diversion follows a determination of guilt, and the decision to grant judicial diversion is initiated by the trial court, not the prosecutor. State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992). When a defendant challenges the trial court's denial of judicial diversion, we may not revisit the issue if the record contains any substantial evidence supporting the trial court's decision. Cutshaw, 967 S.W.2d at 344; Parker, 932 S.W.2d at 958. As this Court said in Anderson,

> [w]e conclude that judicial diversion is similar in purpose to pretrial diversion and is to be imposed within the discretion of the trial court subject only to the same constraints applicable to prosecutors in applying pretrial diversion under T.C.A. § 40-15-105. Therefore, upon review, if "any substantial evidence to support the refusal" exists in the record, we will give the trial court the benefit of its discretion. Only an abuse of that discretion will allow us to overturn the trial court.

857 S.W.2d at 572 (citation omitted).

The criteria that the trial court must consider in determining whether a qualified defendant should be granted judicial diversion include the following: (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; and (6) the deterrence value to the defendant and others. Cutshaw, 967 S.W.2d at 343-344; Parker, 932 S.W.2d at 958. An additional consideration is whether judicial diversion will serve the ends of justice, i.e., the interests of the public as well as the defendant. Cutshaw, 967 S.W.2d at 344; Parker, 932 S.W.2d at 958.

We conclude that the trial court properly denied judicial diversion in this case. It is well settled that "[t]he same guidelines are applicable in diversion cases as are applicable in probation cases, but they are more stringently applied to diversion applicants." State v. Holland, 661 S.W.2d 91, 93 (Tenn. Crim. App. 1983). There is substantial evidence to support the trial court's decision to deny judicial diversion, and thus we find no abuse of discretion by the trial court in doing so.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE