IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 2, 2006 Session

## STATE OF TENNESSEE v. ANDRE SMITH

**Direct Appeal from the Criminal Court for Shelby County**
**No. 05-01206     Joseph B. Dailey, Judge**

---

**No. W2005-02232-CCA-R3-CD  - Filed August 23, 2006**

---

The defendant, Andre Smith, appeals the trial court's denial of judicial diversion. The defendant pled guilty to theft over $1000, a Class D felony. Following a hearing, the trial court denied the defendant's request for judicial diversion and ordered the defendant to serve his sentence on supervised probation. After careful review, we affirm the trial court's denial of judicial diversion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Claiborne H. Ferguson (on appeal), and Kamilah Turner (at trial), Memphis, Tennessee, for the appellant, Andre Smith.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General, William L. Gibbons, District Attorney General; and Nicole Germain, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

In this case, the defendant was the only witness to testify at the sentencing hearing. He said that this was his first arrest and his first time in the criminal system. He testified that inventory shortages occurred while he was store manager at a wireless retail store, Teletouch Communications, in Shelby County, Tennessee. He said that he believed the merchandise was stolen by other employees but rather than notify his superiors of the theft, he manipulated the computer records to account for the inventory. He did not report the merchandise as stolen until it was discovered by his superiors in a store audit. He then provided a written statement as to his version of events. He said

that he used his employee number and store manager password to show the merchandise in customers' accounts without their knowledge.

During his testimony, the defendant was interrupted by the court. The court took the position that the defendant's version of events did not make any sense and accused the defendant of being untruthful. The court stated, "that just doesn't make any sense at all what he says. It just doesn't have any ring of truth to it at all." The court also said that "he's conceding only that which he had to concede and not admitting what really happened."

The defendant resumed his testimony by saying that he wished he had investigated the thefts instead of simply covering them up. He also said that he did not know how to acquire all the inventory reports or he would have been able to detect the shortages sooner. He claimed that he never had physical control over the missing items and that his only involvement was electronically accounting for the merchandise. Finally, he said that it was his desire to enter into a diversion program.

The court then examined the defendant by voir dire. The defendant testified that there were as many as seven employees at the store. He said that the thefts occurred from November 2002 to January 2003, and that the stolen merchandise was valued in excess of $8100. He said he was unable to determine who was responsible for the theft. He claimed that now he would report the shortages to the parent company. Finally, he testified that he is currently employed by a different wireless company and that he did disclose his history to them prior to being hired.

The defendant offered no other proof and argued in favor of judicial diversion. The defendant argued that he was a proper candidate for diversion because he had no prior convictions. He acknowledged that he made wrong decisions related to this matter and claimed that he confessed to what he had done wrong.

The presentence report reflects that the defendant is a thirty-seven-year-old, married, high school graduate. He has no other criminal record and has no problems with drugs or alcohol. He works as an area manager for a wireless company and lives with his wife and children.

The trial court found that the defendant was "generally a good candidate for probation." It cited that he is employed, has an education, supports his family, and has no prior record. However, it expressed concern with putting the defendant on diversion for two reasons: 1) the offense was protracted over a three-month period of time and involved theft from an employer; and 2) the extent of the defendant's involvement and his candor with the court were questionable. The court found that the defendant was candid to a point because he was "caught red-handed," but it took issue with the defendant's denial of benefitting from the thefts and blaming some "phantom employee." The court sentenced the defendant to two years on supervised probation and ordered him to pay restitution in the amount of $8411.68 within one year. The court found the defendant was a good candidate for probation and sentenced him accordingly.

Analysis

On appeal, the defendant contends that the trial court abused its discretion in refusing to grant judicial diversion. Judicial diversion is a "legislative largess" where a defendant, upon being found guilty or pleading guilty, may complete a diversion program and receive expungement of records and dismissal of the charges. State v. Schindler, 986 S.W.2d 209, 211 (Tenn. 1999). When a defendant contends that the trial court committed error in refusing to impose a sentence pursuant to Tennessee Code Annotated section 40-35-313, commonly referred to as "judicial diversion," this court must determine whether the trial court abused its discretion in failing to sentence pursuant to the statute. State v. Robinson, 139 S.W.3d 661, 665 (Tenn. Crim. App. 2004). Judicial diversion is similar to pretrial diversion; however, judicial diversion follows a determination of guilt, and the decision to grant judicial diversion rests with the trial court rather than the prosecutor. State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992). When a defendant challenges the trial court's denial of judicial diversion, we may not revisit the issue if the record contains any substantial evidence supporting the trial court's decision. State v. Cutshaw, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997); State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). As this court said in Anderson:

> We conclude that judicial diversion is similar in purpose to pretrial diversion and is to be imposed within the discretion of the trial court subject only to the same constraints applicable to prosecutors in applying pretrial diversion under T.C.A. § 40-15-105. Therefore, upon review, if "any substantial evidence to support the refusal" exists in the record, we will give the trial court the benefit of its discretion. Only an abuse of that discretion will allow us to overturn the trial court.

857 S.W.2d at 572 (citation omitted).

That the defendant meets the prerequisites does not entitle him to judicial diversion. This decision is left to the sound discretion of the trial court. T.C.A. § 40-35-313. The criteria considered in determining whether an eligible accused should be granted judicial diversion include: (a) the defendant's amenability to correction; (b) the circumstances of the offense; (c) the defendant's criminal record; (d) the defendant's social history; (e) the defendant's physical and mental health; and (f) the deterrence value to the defendant and others. Cutshaw, 967 S.W.2d at 343-44; Parker, 932 S.W.2d at 958. An additional consideration is whether judicial diversion will serve the ends of justice, i.e., the interests of the public as well as the defendant. Cutshaw, 967 S.W.2d at 344; Parker, 932 S.W.2d at 958.

There is no dispute that the defendant meets the statutory prerequisites for judicial diversion as he pled guilty to a Class D felony and had no prior convictions. T.C.A. § 40-35-313(a)(1)(B)(I). However, meeting the prerequisites does not entitle the defendant to judicial diversion. It is clear from the record that the trial court did consider the criteria set forth by this court in both Cutshaw and Parker to determine whether the defendant should be granted judicial diversion. The court made findings on the record that the defendant had no prior criminal record, works and supports his family, and has an education. However, the court had concerns about the defendant and was justified in denying judicial diversion.

In consideration of the issue of diversion, this court has recognized that the trial court may consider that the circumstances surrounding the offense indicate that it was not impulsively committed. See Anderson, 857 S.W.2d at 573; State v. Helms, 720 S.W.2d 474, 476 (Tenn. Crim. App. 1986); State v. Lovvorn, 691 S.W.2d 574, 577 (Tenn. Crim. App. 1985). We also recognize that the fact that the offense reflects a planned crime does not always justify the denial of diversion. See State v. Herron, 767 S.W.2d 151 (Tenn. 1989); State v. Markham, 755 S.W.2d 850 (Tenn. Crim. App. 1988).

Here, as in Anderson, it is apparent that the trial court did not rely solely upon the fact that the offense was planned. While the trial court determined that the crime was not impulsively committed because it was protracted over three months and resulted in the loss of $8411.68 in merchandise through the defendant's manipulation of the business records of his employer, they also found that the defendant was untruthful with regard to his involvement in the crime.

The defendant's lack of candor serves as an additional ground to deny judicial diversion. This court has previously held that credibility bears on the rehabilitative prospects of a defendant and may serve as the basis for denying diversion. Anderson, 857 S.W.2d at 574. In Anderson, this court concluded that there was no abuse of discretion in denying judicial diversion when the trial court: 1) did not consider the defendant sincere in accepting responsibility for the offense committed, and 2) was concerned with the defendant's attempt to divert blame to another. Here, the defendant only accepts responsibility for manipulating the computer records. He maintains that he never exercised physical control of the merchandise or derived any benefit from its disappearance. He also attempts to divert blame to the other employees of the store for the missing merchandise. The record reflects that the trial court did not consider the defendant sincere in the explanation of his responsibility for the offense and was duly concerned with the defendant's attempt to divert blame to other "phantom employee[s]." These circumstances are relevant to assessing the degree of rehabilitation potential shown by the defendant. The trial court is in the best position to view the defendant's attitude and demeanor, and we are not in a position to view the defendant differently on the record before us. The trial court did not abuse its discretion in denying diversion. The judgment is affirmed.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-