IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JUNE 1996 SESSION

FILED

October 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,        )
                           )
        Appellee,          )        No. 02C01-9507-CC-00194
                           )
                           )        Hardin County
v.                         )
                           )        Honorable C. Creed McGinley, Judge
                           )
SHONDA KAY McGILL,         )        (Pretrial Diversion)
                           )
        Appellant.         )


**DISSENTING OPINION**


        I respectfully dissent from the majority opinion.  I believe that the record

reflects a failure by the District Attorney to give due consideration to all of the factors

relevant to pretrial diversion so as to constitute an abuse of discretion.  I believe that

the case should be remanded to the trial court for further proceedings.


        Our supreme court has provided particular factors that prosecutors are to

consider in exercising their discretion to grant or deny pretrial diversion.  See State v.

Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983).  Given the judicial review process

provided by law, this has led to a recurring theme in reported cases about prosecutors

not showing on the record that they have duly considered all of the factors.  See, e.g.,

State v. Markham, 755 S.W.2d 850, 853 (Tenn. Crim. App. 1988).  Our supreme court

noted the continuing problem and stated that prosecutors must articulate the reasons

for denial and reflect on the record their consideration of all of the relevant factors.

State v. Herron, 767 S.W.2d 151, 155-56 (Tenn. 1989).  In fact, it stated that trial courts

must follow a similar path in their review of pretrial diversion cases.  Id. at 156.

Thus, if a prosecutor does not show that he or she followed the procedures and standards required by law for use and consideration in the decision-making process for pretrial diversion, then the ultimate decision should not be entitled to deference by a reviewing court. With the burden being upon the prosecutor to insure that the record shows his or her due consideration of all of the required factors, we should not presume that due consideration occurred when we are faced with a deficient record. In other words, I do not believe that a reviewing court can say, as a matter of law, that the prosecutor exercised sound discretion in making a decision that did not result from consideration of all of the required factors.

Once the trial court determines that the prosecutor failed to consider all of the relevant factors, then it must determine the relative merits of the defendant's claim or, in the appropriate case, it may remand the matter to the prosecutor for further consideration under the appropriate guidelines. See, e.g., State v. Winsett, 882 S.W.2d 806 (Tenn. Crim. App. 1993). In the present case, though, the trial court gave deference to the prosecutor's decision even though that decision was obtained without following the required decision-making process. Such a deference, also given in the majority opinion, was and is unwarranted.

Relative to the offenses, the record reflects that the defendant drove her then boyfriend to locations where he and another man burglarized homes -- two in one night and another fifteen days later. The record indicates that no one was home at the time of these burglaries.

One victim wrote that her son's cash savings (amount undisclosed) and her jewelry (not expensive, but of irreplaceable sentimental value) were taken and that she remains uneasy at night. She would like things returned and restitution to be paid, but no amount is mentioned. She also stated that she thought the defendant should

2

receive probation and community service obligations that would profit the defendant in personal and community responsibility.

Another victim wrote that her property loss was approximately two to three thousand dollars, including guns, jewelry and family photographs. She now has a house dog and sleeps with a loaded gun nearby. She requested restitution for what her insurance has not covered. Also, she did not think that the defendant was remorseful and stated that the defendant should be made "accountable" for her actions. There is no information in the record regarding the views of the victims in the third case.

Regarding the defendant, the record reflects that she was nineteen years old at the time of the burglaries and had no prior criminal record of any type. She received a GED, is single, and has resided with her mother since her return to Hardin County, a matter of weeks before the offenses occurred. She had a good, albeit short, work history, interrupted by her moves to Memphis, then Nashville, and then back to Hardin County.

The defendant acknowledged occasional use of alcoholic beverages and the use of marijuana or cocaine a total of five times, the last being the month of the last burglary and her arrest. There is no indication of any medical or mental health problems. The petition for pretrial diversion, signed under oath by the defendant, includes the following:

> 3. She further avers that she has a proper attitude and behavior since her arrest; that she has no continuing criminal involvement, that she has a proper home environment and that she has no current drug or alcohol use problem; that she is emotionally stable, that she attends the Baptist church, that her general reputation is good and has exhibited family responsibility and has a proper respect and attitude for the law enforcement for the State of Tennessee.
>
> 4. She further avers that she will not become a repeat offender and will state and show to the Court that the incidents for which she was indicted are an isolated incident in her life

3

and that she has learned her lesson and will not again violate the laws of the State of Tennessee.

5. She avers that she has and can continue to demonstrate that she should be eligible for the preferred treatment of pre-trial diversion and that society will be better served if she is placed on diversion.

The foregoing rendition of the defendant's background, social history, and expressed attitudes is detailed in this opinion in light of the fact that our supreme court has stated that the focus of a diversion consideration should be on the defendant's amenability to correction, with the ultimate issue being to what extent diversion serves the ends of justice and the best interest of both the public and the defendant in this particular case. Hammersley, 650 S.W.2d at 355.

Obviously, as the majority opinion notes, the nature and circumstances of the criminal conduct or the particular need for deterrence may be of "such overwhelming significance that they outweigh all other factors." Markham, 755 S.W.2d at 853. However, I do not believe that this case falls into either such category whereby the defendant is excluded from diversion regardless of her background and rehabilitation potential. Pretrial diversion has been approved in cases involving greater financial losses derived from intentionally planned criminal conduct for a greater period of time than reflected in the present case. See Herron, 767 S.W.2d at 152, 155 (two larcenies by trick totaling eleven thousand dollars, committed eight days apart); Markham, 755 S.W.2d at 851, 853 (two-count indictment regarding conspiracy to defraud the state, six thousand four hundred dollars actually paid over several months).

Thus, I would remand the case to the trial court for it to determine whether it is appropriate to remand the matter to the prosecutor for reconsideration, with both parties having the opportunity to present a more detailed record. If the trial court determines that such remand would be inappropriate under the circumstances, then it

4

should decide the issue of diversion upon full and due consideration of all of the factors relevant to pretrial diversion.

_____
Joseph M. Tipton, Judge