IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 24, 2004 Session

## STATE OF TENNESSEE v. DAVID HESTER

**Appeal from the Criminal Court for Sevier County**
**No. 8420      Richard R. Vance, Judge**

**No. E2003-01507-CCA-R3-CD**
**May 28, 2004**

The defendant, David Hester, pled guilty to statutory rape. The trial court imposed a one-year sentence to be served on supervised probation and directed community service. In this appeal, he asserts that the trial court erred by denying judicial diversion. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

James D. Hutchins, Dandridge, Tennessee, for the appellant, David Hester.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and Steven Hawkins, Charles E. Atchley, Jr., and Joseph Baker, Assistant District Attorneys General, for the appellee, the State of Tennessee.

### OPINION

The defendant rented the basement apartment in a residence that the victim, seventeen-year-old T.M.,[1] shared with her mother and sister. On September 6, 2000, the victim came into the defendant's apartment and asked for an alcoholic beverage. Claiming that he had seen the victim's mother offer the victim alcoholic drinks on prior occasions, the defendant gave the victim a drink.

---

[1] It is the policy of this court to withhold the identity of minor victims of sex crimes.

Eventually, the two undressed and the defendant performed oral sex on the victim. Later, the victim's mother reported the incident to the police.

At the sentencing hearing, the defendant testified that on the day of the offense, he was working on the computer when the victim came into his apartment and asked for an alcoholic beverage. He allowed the victim to have a drink, explaining that "the only reason I was fine with that was that her mother had . . . offered her [alcoholic drinks]. . . ." The defendant stated that both he and the victim consumed alcohol and that "one thing started leading to another." He claimed that they "both just said we need to stop this" and that he "thought that was the last I was going to hear of it." According to the defendant, he took full responsibility and immediately moved out of the residence when the victim's mother confronted him about the incident. The arrest was one week later. When asked on cross-examination whether he understood that his conduct was wrong, the defendant responded, "I put myself in the position of it [a]nd that was the first wrong right there. . . . I never should have opened the door to something to this . . . extent." The defendant, who had initially, during his psychosexual evaluation, denied having sexual contact with the victim "below the waist," admitted performing oral sex on the victim when questioned by the trial judge.

Initially, the state submits that the appeal should be dismissed because of the defendant's failure to timely file a notice of appeal. The record establishes that the sentencing hearing was conducted on May 15, 2002. The judgment form indicates that the sentence was imposed on that date. On June 12, 2002, the defendant filed a motion for new trial asking the trial court to reconsider its denial of judicial diversion and asked to submit additional evidence through the psychosexual

evaluator. That motion was heard and denied by the trial court on May 12, 2003, about one year after the imposition of sentence. The defendant then filed a notice of appeal within 30 days of the order. Because the timely filing of the motion for new trial tolls the 30-day period for filing a notice of appeal, the notice of appeal will be treated as timely. See Tenn. R. App. P. 4(a).

In this appeal, the defendant contends that the trial court erred by denying judicial diversion. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the

defendant's potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

The judicial diversion statute provides that after an adjudication of guilt, a trial court may defer entry of judgment until a defendant successfully completes a diversion program or violates a condition of his release.  See Tenn. Code Ann. § 40-35-313.  If a defendant is successful, the statute provides for expungement from "all official records . . . all recordation relating to the person's arrest, indictment or information, trial, finding of guilty, and dismissal and discharge pursuant to this section."  Tenn. Code Ann. § 40-35-313(b).  The effect of dismissal under the diversion statute "is to restore the person, in the contemplation of the law, to the status the person occupied before such arrest or indictment or information."  Id.

A defendant who meets the prerequisites of section 40-35-313(a)(1) is not entitled to judicial diversion as a matter of right.  State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993). The decision to grant or deny judicial diversion rests within the sound discretion of the trial court and will be overturned only after a finding of an abuse of that discretion.  Id.  "This Court, . . . will not interfere with the refusal of the trial court to grant judicial diversion if there is 'any substantial evidence to support the refusal' contained in the record."  Id. (quoting State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992)).

The criteria that the trial court must consider in deciding whether to grant or deny judicial diversion include: (a) the accused's amenability to correction, (b) the circumstances of the offense,

(c) the accused's criminal record, (d) the accused's social history, (e) the status of the accused's physical and mental health, and (f) the deterrence value to the accused as well as others. See State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983). In addition, the trial court should determine whether judicial diversion will serve the ends of justice. Id. The trial court must consider all of the enumerated criteria and must clearly articulate on the record the specific reasons for its determination. See State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989); State v. Markham, 755 S.W.2d 850, 853 (Tenn. Crim. App. 1988). If the trial court fails to place the reason for the denial of diversion on the record, this court must review the evidence to "'determine whether the trial court reached the correct result notwithstanding its failure to explain its reasoning.'" See State v. Larry Eldon Shannon, No. M2000-00985-CCA-R3-CD (Tenn. Crim. App., at Nashville, July 27, 2001) (quoting State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998)).

Here, the trial judge denied the request for judicial diversion, observing that he was unsure whether the defendant was remorseful "from being caught or . . . from his actions." The trial court accredited the findings of the psychosexual examiner that the defendant had not accepted full responsibility for the offense and had, in fact, attempted to shift blame to the minor victim. The trial court concluded that while probation was appropriate given the defendant's low risk of recidivism, the defendant's refusal to accept responsibility for his actions militated against the grant of judicial diversion.

The presentence report establishes that the defendant is a high school graduate and has been employed as an entertainer at Dollywood for several years. He has no prior criminal convictions or

criminal behavior other than a single traffic infraction. The psychosexual evaluation establishes that he is at a low risk to commit sexual crimes in the future. As of this date, he has successfully completed his one-year probationary sentence. The record, however, supports the trial court's determination that the defendant has refused to accept full responsibility for his actions, explaining only that he should not have placed himself in a compromising position. According to the psychosexual evaluation, the defendant "minimizes his offense by portraying himself as the victim and describing the victim's mother as threatening when she was reacting in a protective manner toward her daughter . . . ." The evaluator also reported that the defendant possessed a "low prognosis and treatment" because he "saw no harm to his victim." The report indicated that he did not view himself as a sex offender. Under these circumstances, it is our view that the trial court did not abuse its discretion by denying judicial diversion.

Accordingly, the judgment of the trial court is affirmed.

_____

GARY R. WADE, PRESIDING JUDGE