# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 28, 2006 Session

## STATE OF TENNESSEE v. RUSSELL L. TIPTON

**Direct Appeal from the Circuit Court for Franklin County**
**No. 15084     J. Curtis Smith, Judge**

---

**No. M2006-00260-CCA-R9-CO - Filed August 9, 2007**

---

The appellant, Russell L. Tipton, was charged with reckless operation of a motor vessel and failure to observe the motor vessel light law.  The appellant applied for pretrial diversion and has twice been denied.  In the instant appeal, the appellant challenges the prosecutor's second denial of his application for pretrial diversion.  Upon our review of the record and the parties' briefs, we reverse the judgment of the trial court upholding the prosecutor's denial of diversion and remand to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court is Reversed; Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined.  DAVID G. HAYES, J., filed a separate concurring opinion.

Robert T. Carter, Tullahoma, Tennessee, for the appellant, Russell L. Tipton.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Mike Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Franklin County Grand Jury indicted the appellant for one count of reckless or negligent operation of a motorboat or vessel, a Class A misdemeanor, and one count of failing to exhibit proper lights on a boat or vessel, a Class C misdemeanor.  On May 23, 2002, the appellant applied for pretrial diversion, which application was denied.  The appellant filed in the trial court a petition for a writ of certiorari, and the petition was denied on September 23, 2003.  Through an interlocutory appeal to this court, the appellant challenged the denial of pretrial diversion.

The record of this case reflects that on July 4, 2002, the appellant and his wife were on their pontoon boat on Tim's Ford Lake.  They had stopped the boat on the south side of a channel to

watch fireworks. At approximately 9:00 p.m., a ski boat containing several young men struck the back of the pontoon boat.[1] One of the passengers of the ski boat, James Eric Jones, was thrown from the ski boat, and he ultimately drowned. The State claimed that the appellant's pontoon boat was operating without proper lights and charged the appellant with reckless operation of a motor vessel and failure to observe the motor vessel light law.

This court's opinion remanding the original denial of pretrial diversion explains:

> On May 23, 2003, the [appellant] submitted an application for pretrial diversion. In a letter denying the [appellant's] application, the District Attorney General noted the seriousness of the offense, the need for deterrence, and the [appellant's] failure to accept responsibility or feel remorse for his actions. In support of his position, the District Attorney General indicated that the [appellant] failed to answer "question # 32," which asked for the [appellant's] recitation of the events in question. However, the [appellant] contends that he did not refuse to respond, but rather attached a copy of his statement to authorities following the incident. The letter denying diversion also noted several factors which were favorable to the [appellant], such as his lack of a criminal record, his social history, his amenability to correction, and his "attitude and behavior since arrest and attitude of law enforcement." However, the District Attorney General ultimately summarily concluded that the "other factors considered herein outweigh[ed]" these factors and denied diversion.
>
> Following the District Attorney General's denial of pretrial diversion, the [appellant] filed a petition for writ of certiorari. In an order denying the petition, the trial court found that the District Attorney General considered and weighed all relevant factors as set out in case law and that substantial evidence existed in the record to support the decision. Accordingly, the trial court found that there was no abuse of discretion on the part of the District Attorney General and denied the writ of certiorari.

State v. Russell L. Tipton, No. M2003-03030-CCA-R9-CO, 2005 WL 1240174, at **1-2 (Tenn. Crim. App. at Nashville, May 24, 2005).

On appeal, this court concluded that the District Attorney General "based the denial primarily on a general need for deterrence and the seriousness of the alleged offense, while failing to

---

[1] Forensic testing indicates that the ski boat operator's blood alcohol level was .08 percent and that he tested positive for tetrahydrocannabinoid. The eighteen-year-old victim's blood alcohol level was .12 percent.

emphasize the [appellant's] amenability to correction." Id. at *3. Further, this court noted that the denial "letter fail[ed] to state why the former are of 'such overwhelming significance' as to be given controlling weight." Id. Thus, we concluded that "the denial is contrary to the applicable precedent and, therefore, remand[ed] the matter to the District Attorney General for further consideration of these factors, the evidence supporting their application, and the appropriate weight to be given them." Id.

Upon remand, the prosecutor once again denied the application. In the denial letter, the prosecutor stated that he considered

> (1) the circumstances of the offense; (2) the [appellant's] criminal record; (3) the [appellant's] social history; (4) the [appellant's] physical and mental condition; (5) the deterrent effect of punishment upon other criminal activity; (6) the [appellant's] amenability to correction; (7) the likelihood that pretrial diversion will "serve the ends of justice" and the best interests of the defendant and the public; and (8) the [appellant's] "attitude, behavior since arrest, home environment, emotional stability, and attitude of law enforcement."

Regarding the circumstances of the offense, the prosecutor maintained that "[a]lthough the [appellant] was indicted for misdemeanor charges (A and B misdemeanors), his actions and the results of his actions (the death of a young person) makes this a very serious case. The circumstances of the offense certainly weigh against diversion." The prosecutor noted that the appellant lacked a criminal record but opined that "nearly every applicant for pre-trial diversion has no criminal record, as a record usually precludes an individual from being eligible to file an application for diversion." The prosecutor found that the appellant's lack of a criminal record weighed in favor of diversion.

The prosecutor considered the appellant's social history and noted that the appellant

> is a retired law enforcement officer with 25 years service. His application contained numerous references, including letters from politicians and lawyers. We noted the [appellant] has been married three times and has very few financial debts. We also noted he has been involved in two police organizations and the American Legion. Except for the [appellant's] issues with multiple spouses, it would appear that this factor weighs in favor of the [appellant].

However, the prosecutor expressed displeasure that the appellant, a retired law enforcement officer who spent his career enforcing the laws, "violated Tennessee's laws, with disastrous results. One might expect more from a 25 year veteran of law enforcement."

The prosecutor noted that the appellant's physical and mental condition appear to weigh in favor of pretrial diversion. Regardless, the prosecutor noted that the appellant failed to answer question 11 on the application regarding intelligence level.[2] The prosecutor also referenced the petitioner's response of no to the question of whether he had ever had a psychological evaluation, remarking that the petitioner's history as an officer indicates that "he was subjected to psychological testing in order to be a certified officer."

The prosecutor next stated that deterrence was a "serious issue" weighing against diversion. The prosecutor asserted that "[i]n the past several years there have been numerous boating crashes and several deaths and injuries. There exists a strong public policy regarding water safety, especially in Franklin County." The prosecutor stated that the appellant's "actions directly resulted in a boating collision and the death of a young man. Although the [appellant] was not indicted for being criminally responsible for the young man's death, criminal violations that can (and do) lead to such consequences must be deterred." Therefore, "[g]ranting him pre-trial diversion would not serve as a deterrent to this type of behavior, either to the [appellant], or others who might be inclined to commit such acts."

The prosecutor acknowledged that the appellant's "lack of a criminal record and social background seem to support the position that he would likely be amenable to correction." However, the prosecutor opined that the appellant "has shown no remorse or responsibility for his actions." The prosecutor believed that the appellant was evasive in providing details about the incident, and, thus, this factor weighed against diversion. The prosecutor's belief stemmed almost entirely from the appellant's failure to admit his guilt.

The prosecutor maintained that the appellant "avoiding responsibility for his conduct" would not serve the ends of justice or the best interests of the victim, the victim's family, or the public. The prosecutor opined that because the appellant is a veteran law enforcement officer, "[t]here is a concern that the public may perceive that the [appellant] has avoided prosecution and responsibility for his criminal conduct because of his position and his political connections." This factor weighed against diversion. Finally, the prosecutor found that the appellant's "'attitude and behavior since arrest, home environment, stability, and attitude of law enforcement'" weighed in favor of diversion. Specifically, the State observed that the appellant had not been charged with any offenses since his instant arrest, and he appeared to have a stable home environment.

The prosecutor weighed the factors and "unequivocally conclude[d] that this is not an appropriate case for diversion." The prosecutor concluded that pretrial diversion "will not serve the ends of justice and will not serve the best interests of the deceased, the deceased's family, or the public." Following the denial, the appellant again filed in the trial court a petition for a writ of certiorari, which was summarily denied. The appellant then appealed to this court, challenging the denial of pretrial diversion.

---

[2] Question 11 on the application asks for the applicant to check a box to indicate the level of his or her IQ, if such is known.

-4-

## II. Analysis

The pretrial diversion program permits a prosecutor to suspend prosecution against a qualified defendant for up to two years. Tenn. Code Ann. § 40-15-105(a)(1)(A) (2003); State v. Bell, 69 S.W.3d 171, 176 (Tenn. 2002). A defendant is eligible for pretrial diversion when he or she

> (1) has not previously been granted diversion; (2) has no prior misdemeanor conviction for which confinement was served; (3) has no prior felony conviction within a five-year period after completing the sentence or probationary period for the conviction; and (4) is not charged with a class A felony, a class B felony, certain class C felonies, a sexual offense, driving under the influence, or vehicular assault.

Bell, 69 S.W.3d at 176; see also Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(a)-(c) (2003).

Statutory eligibility for pretrial diversion does not entitle a defendant to diversion. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). A prosecutor, in his or her discretion, must make the determination whether to grant diversion. Id. In determining whether to grant a defendant pretrial diversion, the prosecutor "should focus on the defendant's amenability to correction." Bell, 69 S.W.3d at 176. Thus, "[a]ny factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered." State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983). Our supreme court has explained that

> [a]mong the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of the defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

Id.

If a prosecutor denies pretrial diversion, the denial must be written and must elucidate the factors considered as well as the weight attributed to each factor. Curry, 988 S.W.2d at 157. In the event pretrial diversion is denied, a defendant may appeal by filing in the trial court a petition for a writ of certiorari. Tenn. Code Ann. § 40-15-105(b)(3) (2003). The trial court must consider the evidence considered by the prosecutor and may overturn the decision only if the prosecutor has abused his or her discretion. Bell, 69 S.W.3d at 177. On appeal, this court "must determine whether the trial court's decision is supported by a preponderance of the evidence." Curry, 988 S.W.2d at 158.

Recently, our supreme court cautioned that "a district attorney general is bound to consider and weigh all *relevant* factors in determining whether to grant pretrial diversion. The obvious

corollary to this requirement is that the district attorney general must *avoid* relying upon *irrelevant* factors in denying diversion." State v. McKim, 215 S.W.3d 781, 787 (Tenn. 2007). Failing in this task constitutes an abuse of discretion. Id. at 788. Moreover, an abuse of discretion exists "where the prosecutor fails to consider all the relevant factors or reaches a decision not supported by substantial evidence." State v. Thompson, 189 S.W.3d 260, 266 (Tenn. Crim. App. 2005). Our case law has made it patently clear that in determining whether a defendant is suitable for pretrial diversion, a prosecutor's duty is to focus on that defendant's amenability to correction and to consider all relevant factors, including those favorable to the defendant. Bell, 69 S.W.3d at 178.

In our first opinion on this matter, we noted that the prosecutor based the denial of pretrial diversion on a "general need for deterrence and the seriousness of the alleged offense while failing to emphasize the [appellant's] amenability to correction." Tipton, No. M2003-03030-CCA-R9-CO, 2005 WL 1240174, at *3. We remanded the matter for "further consideration of the pertinent factors, a discussion of those factors and the evidence supporting their application, and an explanation of the weight accorded to each." Id. at *4. Upon remand, the prosecutor stated that "[i]t seems apparent to us that [in the original denial] we properly listed the evidence considered, we discussed which factors were considered, and the weight accorded each factor. . . . The C.C.A. obviously disagreed. We will now attempt to articulate a response that more adequately complies with the C.C.A.'s decision." Ultimately, the prosecutor ignored the dictates of our original opinion and again denied pretrial diversion, finding that the "circumstances/facts of this case, the deterrence issue, the [appellant's] non-amenability to correction, and the fact that justice would not be served by diversion all combine to give controlling weight [against diversion] in this case."

Initially, we note that in the denial letter the prosecutor stated that the charged offenses were a Class A misdemeanor and a Class B misdemeanor. However, the offenses are a Class A misdemeanor and a Class C misdemeanor. See Tenn. Code Ann. § 69-9-219(a) (2006). Moreover, in the instant case, the prosecutor originally found the appellant amenable to correction. Inexplicably, upon remand the prosecutor, based upon the same facts as before, found that the appellant was *not* amenable to correction. As support for this position, the prosecutor again noted that the appellant did not answer question 32 on the application which asked for the appellant's version of events. The prosecutor acknowledged that the appellant included with his application his statement to police regarding events, which statement was made immediately following the incident. However, the prosecutor labeled the appellant's behavior in attaching the statement "evasive," indicating that he was not amenable to correction. Regardless, the prosecutor admitted that the appellant's lack of a criminal record and his social background, despite his three marriages, "seem to support" that he would be amenable to correction.

Although the prosecutor claimed that the second denial would attempt to comply with our decision following the original denial of pretrial diversion, he again failed to follow the law as to the applicability of pretrial diversion. For example, we fail to see that the appellant was "evasive" about providing details regarding the incident. Shortly after the accident, the appellant gave a statement to police. The appellant included a copy of that statement with his application for diversion. In the statement, the appellant said that he believed that the lights on his boat were in operation at the time

of the accident. The prosecutor opined that the evidence in the case did not support that assertion. This court has repeatedly held that a prosecutor may not essentially require a defendant to admit his or her guilt to obtain pretrial diversion. Thompson, 189 S.W.3d at 268. Despite our case law to the contrary, the tenor of the prosecutor's denial in the instant case is clear: absent an unqualified mea culpa from the appellant, the prosecutor will not find the appellant suitable for pretrial diversion. To require a complete admission of guilt before granting pretrial diversion is improper and constitutes an abuse of discretion. Id. We conclude that substantial evidence does not exist to support denying pretrial diversion on this basis.

Moreover, in considering the appellant's amenability to correction, the prosecutor favorably acknowledged the sixty-year-old appellant's lack of a criminal history but afforded it minimal weight, reasoning that almost all pretrial diversion applicants have no criminal record. This court has previously stated that

> a defendant's criminal history – *especially a lack thereof* – is an important signifier of whether the defendant is likely to offend again. That is, a defendant's criminal history is a critical factor to consider in evaluating his or her amenability to correction: the primary focus required in evaluating a request for pretrial diversion.

Thompson, 189 S.W.3d at 267 (emphasis added). A "refusal to give any favorable weight to this factor is a refusal to accord any significance to a factor repeatedly stressed by Tennessee's appellate courts as crucial to the comprehensive analysis required of district attorneys in assessing a request for pretrial diversion." Id. Thus, the prosecutor abused his discretion by refusing to properly consider this factor. Id. We conclude that this factor weighs heavily in favor of the grant of pretrial diversion, specifically because it indicates favorably towards the appellant's amenability to correction.

In denying diversion, the prosecutor noted several times that the appellant was a former law enforcement officer; therefore, the appellant's violation of the law was a disappointment. The prosecutor also noted his concern that if the appellant were granted pretrial diversion, the public would believe that the appellant's status as former law enforcement allowed him to avoid prosecution. The prosecutor weighed this factor heavily against the grant of diversion. This court has previously cautioned that acts that are committed off-duty and do not relate to an offender's public employment should not impose a higher standard of conduct justifying a denial of diversion. State v. Lane, 56 S.W.3d 20, 27 (Tenn. Crim. App. 2000); see also McKim, 215 S.W.3d at 787. Therefore, the prosecutor impermissibly relied upon this irrelevant factor in denying diversion.

Finally, the prosecutor noted that the facts and circumstances of the case and deterrence weighed against the grant of pretrial diversion. In making that determination, the prosecutor relied heavily on the fact that a death occurred. "[W]hile the circumstances of the case and the need for deterrence may be considered as two of many factors, they cannot be given *controlling* weight unless they are 'of such overwhelming significance that they [necessarily] outweigh all other factors.'"

State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (quoting State v. Markham, 755 S.W.2d 850, 853 (Tenn. Crim. App. 1988)). Absent such exceptional circumstances, the prosecutor must consider the defendant's amenability to correction and the likelihood that the defendant will not commit further crimes. Id.

Although the prosecutor acknowledged that the offenses for which the appellant was indicted were misdemeanors, he nevertheless stated that the fact that a death occurred made the case a "very serious" one. However, "[t]he facts and circumstances of nearly all criminal offenses are by definition serious"; thus, all factors must be examined to identify those suitable for pretrial diversion. Curry, 988 S.W.2d at 158. All factors must be considered because when "the facts and circumstances are given conclusive weight against a defendant's potential for correction, rare is the defendant who would qualify for pretrial diversion." Id. at 159.

The prosecutor opined that "criminal violations that can (and do) lead to [death] must be deterred." In other words, the prosecutor implied that pretrial diversion is not appropriate in any case in which a death occurred. Respectfully, our legislature has deemed differently. Our law is clear that diversion may not be denied simply because an offender is charged with a particular type of offense. Thompson, 189 S.W.3d at 268. We are cognizant of the tragic events underlying the case at bar; however, "[t]o deny the appellant diversion because his crime involved death would be insert into our pretrial diversion statute a prerequisite which the legislature chose to omit." State v. Jackie L. Blankenship, No. 02C01-9210-CC-00236, 1993 WL 379193, at *3 (Tenn. Crim. App. at Jackson, Sept. 29, 1993). As our supreme court recently stated:

> Contrary to established precedent, the [prosecutor] in this case focused not on the [appellant's] amenability to correction but rather on his own opinion of what should and should not be a divertible offense. In so doing, the [prosecutor] considered a factor not relevant to his determination of whether to grant pretrial diversion to the defendant in this matter. The prosecutor's consideration of, and emphasis upon, an irrelevant factor so tainted his decision-making process as to constitute an abuse of discretion.

McKim, 215 S.W.3d at 788. Thus, substantial evidence did not exist to support denying pretrial diversion on this basis.

We note that when the appellant filed a petition for a writ of certiorari, the trial court should have informed the prosecutor that he had abused his discretion because the denial of pretrial diversion was obviously based upon irrelevant factors. Id. at 788-89. Ordinarily, the proper remedy would be to remand to the prosecutor for further consideration. Bell, 69 S.W.3d at 180. However, following this court's remand, the prosecutor and the trial court again failed to correctly focus the inquiry upon the appellant's suitability for pretrial diversion. Upon remand, the prosecutor found that certain factors weighed in favor of diversion. However, the prosecutor again ruled, based upon irrelevant considerations and factors, that the evidence weighed against diversion. Additionally, the

prosecutor staunchly refused to focus on the appellant's lack of a criminal history and his positive social history, which indicate the appellant's amenability for correction, as weighty factors favoring diversion. Because there is no substantial evidence to support the decision of the prosecutor, we are compelled to reverse the prosecutor's denial of pretrial diversion and remand to the trial court with an instruction that pretrial diversion is to be granted.

### III. Conclusion

Based upon the foregoing, we reverse the prosecutor's denial and remand to the trial court for the entry of an order granting pretrial diversion.

_____
NORMA McGEE OGLE, JUDGE