IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 6, 2015

**STATE OF TENNESSEE v. JESSICA GREEN**

**Appeal from the Criminal Court for Shelby County**
**No. W13-00708      J. Robert Carter, Jr., Judge**

_____

**No. W2014-00332-CCA-R3-CD  -  Filed May 15, 2015**

_____

The Defendant-Appellant, Jessica Green, entered guilty pleas to one count of theft of property less than $1,000 and one count of forgery under $1,000, both Class E felonies. See T.C.A. §§ 39-14-103; 39-14-114. The trial court denied judicial diversion and imposed one-year concurrent sentences for each offense, which were suspended to probation. In this appeal, the Defendant-Appellant contends that the trial court erred in denying her request for judicial diversion. Upon our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Alan B. Crickmore, Eads, Tennessee, for the Defendant-Appellant, Jessica Green.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin E. D. Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Paul Goodwin, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

At the January 15, 2014 sentencing hearing, the Defendant-Appellant, a life-long resident of Memphis, Tennessee, agreed to pay restitution and abide by the terms and conditions of her probation. Although she had a criminal history consisting of driving related offenses, the State agreed that she was eligible for consideration of judicial diversion. On cross-examination, the Defendant-Appellant adamantly denied that she "stole anything" in this case. She claimed she had received the check from this case in

the mail from the Collierville Chamber of Commerce and mistakenly believed it was a settlement check she was anticipating from a civil suit. She acknowledged that she had not had a driver's license since 2009, when her license was suspended for unpaid tickets in another county, and continued to drive until her last arrest. If granted probation or diversion, she agreed not to drive on her suspended license.

Frances Persechini, President and Chief Executive Officer of the Collierville Chamber of Commerce, testified that her duties included writing checks, paying bills, and overseeing the daily operations of the Chamber of Commerce. As the person responsible for writing and mailing checks, Persechini testified that she never mailed a check to the Defendant-Appellant and had no idea how she would have come into possession of the check. First State Bank in Collierville, Tennessee, notified her that the Defendant-Appellant had attempted to cash a Chamber of Commerce check and observed irregularity in Persechini's signature. Persechini testified that she did not sign the check, and the Defendant-Appellant did not have permission to sign her name or cash the check. The Chamber of Commerce suffered a loss of $984.56, which was reimbursed by First State Bank.

After hearing Persechini's testimony on direct examination, the trial court informed defense counsel that it did not find the Defendant-Appellant's story to be credible, that it was concerned about her dishonesty and amenablility to correction, and gave counsel an opportunity to speak with the Defendant-Appellant about her testimony. Defense counsel subsequently advised the court that "new information was available that would be pertinent to the proceedings," and the Defendant-Appellant was recalled to the stand. The Defendant-Appellant then explained that an unnamed neighbor retrieved the mail at her grandmother's apartment complex, presumably gave her the check, and immediately took her to the bank.

Defense counsel recalled Persechini who testified that when checks are written, they are filled out by computer and mailed in window envelopes to the individual. She futher stated that she had never seen the Defendant-Appellant in her office or under any other circumstances. The trial court subsequently denied the Defendant's request for judicial diversion.

The Defendant-Appellant now timely appeals.

## ANALYSIS

On appeal, the Defendant argues that the trial court abused its discretion by denying her request for judicial diversion. The State responds that the trial court weighed all of the appropriate factors and properly denied diversion. We agree with the State.

We review a trial court's denial of judicial diversion for an abuse of discretion accompanied by a presumption of reasonableness. State v. King, 432 S.W.3d 316, 324-25 (Tenn. 2014). The trial court must consider the following factors in deciding whether a qualified defendant should be granted judicial diversion: (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; (6) the deterrence value to the defendant and others; and (7) whether judicial diversion will serve the interests of the public as well as the defendant. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (citing State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996); State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993) (citation omitted), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9-10 (Tenn. 2000)). The trial court may consider the following additional factors: "'[the defendant's] attitude, behavior since arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility and attitude of law enforcement.'" State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (quoting State v. Markham, 755 S.W.2d 850, 852-53 (Tenn. Crim. App. 1988) (citations omitted)). The trial court must weigh all of the factors in determining whether to grant judicial diversion. Electroplating, Inc., 990 S.W.2d at 229 (citing Bonestel, 871 S.W.2d at 168). Finally, "a trial court should not deny judicial diversion without explaining both the specific reasons supporting the denial and why those factors applicable to the denial of diversion outweigh other factors for consideration." State v. Cutshaw, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997) (citing Bonestel, 871 S.W.2d at 168).

In King, the court explained how the Bise standard of review is applied to the trial court's consideration of the Parker and Electroplating factors:

> Under the Bise standard of review, when the trial court considers the Parker and Electroplating factors, specifically identifies the relevant factors, and places on the record its reasons for granting or denying judicial diversion, the appellate court must apply a presumption of reasonableness and uphold the grant or denial so long as there is any substantial evidence to support the trial court's decision. Although the trial court is not required to recite all of the Parker and Electroplating factors when justifying its decision on the record in order to obtain the presumption of reasonableness, the record should reflect that the trial court considered the Parker and Electroplating factors in rendering its decision and that it identified the specific factors applicable to the case before it. Thereafter, the trial court may proceed to solely address the relevant factors.

King, 432 S.W.3d at 327 (internal footnote omitted).

In the case sub judice, the Defendant-Appellant argues that the trial court failed to consider all of the relevant factors as set forth in Electroplating and Parker. She further contends that the trial court improperly ignored or gave little weight to evidence corroborating the Defendant-Appellant's version of events and relied upon conjecture in determining that the Defendant-Appellant's story was not credible. Finally, she asserts that the trial court failed to properly enumerate and weigh the relevant factors it used in denying diversion. In response, the State argues that the trial court properly denied judicial diversion. We agree with the State.

Our review of the record shows that the trial court considered the appropriate factors, identified the relevant factors in the instant case, and stated on the record its reasons for denying judicial diversion. The court found the Defendant-Appellant's testimony to be incredible and determined that she refused to accept responsibility for her actions, which weighed against the Defendant-Appellant's amenability for correction. The court also considered the Defendant-Appellant's criminal and social history, noting that while the Defendant-Appellant's previous driving record was not necessarily a criminal history, the Defendant-Appellant had on multiple occasions knowingly driven without a license in violation of the law. The trial court found that the Defendant-Appellant's continued blatant disregard for the law showed that a grant of judicial diversion would not have the appropriate and intended deterrent effect on the Defendant-Appellant. There is ample evidence in the record to support the trial court's denial of diversion. Accordingly, the Defendant-Appellant is not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and analysis, we affirm the judgment of the trial court.

_____
CAMILLE R. MCMULLEN, JUDGE

-4-