FILED
06/25/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 21, 2018

**STATE OF TENNESSEE v. MATHEW DOUGLAS RICHARDSON**

**Appeal from the Criminal Court for Putnam County**
**No. 2017-CR-290, 2016-CR-1111          Gary McKenzie, Judge**

_____

**No. M2017-01647-CCA-R3-CD**

_____

The Defendant, Matthew Douglas Richardson,[1] entered a guilty plea in the Putnam County Criminal Court to two counts of aggravated statutory rape. See T.C.A. § 39-13-506. The trial court imposed two-year sentences for each count, to be served consecutively under supervised probation. On appeal, the Defendant argues that the trial court erred in denying his request for judicial diversion. Upon our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and NORMA MCGEE OGLE, J., joined.

Brett A. Knight (on appeal) and Shawn C. Fry (at trial and on appeal), Cookeville, Tennessee, for the Defendant, Matthew Richardson.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Brett Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Between September and October 2016, the Defendant, age 28, met the victim, age 17, through her high school internship program and began a sexual relationship with her. In December 2016, he was indicted for aggravated statutory rape, and on March 3, 2017, while out on bond, he was indicted on a second count of aggravated statutory rape involving the same victim, for which his bond was revoked. On March 27, 2017, the

_____

[1] The Defendant's name is spelled "Matthew" in the indictment and throughout the majority of documents in the record on appeal; however, his name is spelled "Mathew" in the case caption, the notice of appeal, and his own brief.

Defendant entered an open guilty plea to the court for both counts of aggravated statutory rape with no agreement as to sentencing.[2]

**Sentencing Hearing.** At the July 10, 2017 sentencing hearing, the State entered the Defendant's presentence report and psychosexual evaluation. A collection of letters of recommendation on behalf of the Defendant and proof of the Defendant's military service was also admitted into evidence. Significantly, the victim sent a letter of recommendation in support of the Defendant receiving judicial diversion. Bridget Cornwell, a probation officer with the Tennessee Department of Correction, testified that she prepared the Defendant's presentence report and confirmed that the Defendant cooperated with law enforcement and did not have a criminal history. The Defendant provided her with the letters of recommendation and proof of his military service as part of the presentence investigation.

The victim testified that she turned eighteen in June 2017, approximately one month prior to the sentencing hearing. She had participated in an internship program through her high school that allowed her to shadow medical professionals in the health care field. She began participating in "[r]ide alongs with paramedics" in August 2016 when she met the Defendant, an emergency medical technician. The Defendant knew she was in high school and under the age of 18, and the victim knew the Defendant was 28 years old at the time. The victim began meeting the Defendant outside of the program and engaged in a sexual relationship in late September 2016. After the Defendant was arrested in December 2016, the victim "showed up" at the Defendant's house on March 3, 2017, let herself inside while he was asleep in bed, and they engaged in "sexual penetration." Despite court orders for the Defendant to refrain from contact with the victim, the victim attempted to contact and pursue a relationship with him.

On cross-examination, the victim confirmed that she had not had contact with the Defendant since his bond was revoked on March 27, 2017. She identified the letter of recommendation she wrote to the court asking for leniency for the Defendant. She confirmed that she specifically wanted the court to remove the restraining order against him so that she and the Defendant may have contact with each other. The victim's parents were at the hearing and intimated that they were "behind the [S]tate[.]"

After hearing the proof and arguments from counsel, the trial court addressed several factors before determining whether to grant the Defendant's request for diversion.

---

[2] The Defendant did not provide this court with transcripts from the guilty plea hearing or any other hearing for the preliminary motions referenced in the technical record.

The trial court found: (1) the Defendant's amenability to correction weighed favorably due to his military background and absence of a criminal history, but noted that it took issue with the fact that the Defendant re-offended while on bond; (2) the circumstances of the offense weighed unfavorably because the victim was a minor at the time of the offense, "she look[ed] up to" the Defendant, and he "took advantage of that[;]" (3) the Defendant's criminal record weighed favorably because he had no prior convictions; (4) the Defendant's social history did not weigh against him due to steady employment and military service; (5) the status of the Defendant's physical and mental health did not weigh against him; (6) the deterrence value to the Defendant as well as to others weighed unfavorably due to the need to protect minors (e.g., in the internship program the victim participated in) and due to the Defendant's disregard for the law when he re-offended while out on bond; (7) whether judicial diversion would serve the interest of the public and the Defendant weighed both favorably and unfavorably, but seemed to weigh more unfavorably towards the Defendant in order to serve the interests of society. The court also referred to State v. Bonestel, 871 S.W.2d 163 (Tenn. Crim. App. 1993), and stated that it would consider additional factors, including the Defendant's behavior since the arrest. The court said that due to the Defendant's re-offense of the same crime after his initial arrest, "it cause[d] difficulty in any plea for mercy" and weighed heavily against him.

After weighing all of the different factors, the trial court concluded that there was more that weighed against the Defendant than for him, denied the request for judicial diversion, and ordered the Defendant to be placed on the sex offender registry. The trial court imposed two-year sentences for each charge, to be served consecutively under supervised probation, and entered its judgments on July 20, 2017. It is from these judgments that the Defendant now timely appeals.

## ANALYSIS

The sole issue presented for our review is whether the trial court erred in denying the Defendant's request for judicial diversion. The Defendant argues that the trial court miscalculated the factors weighing for and against judicial diversion and considered facts not in evidence. The State responds that the trial court adequately weighed all of the Electroplating, Inc. and Parker factors and properly exercised its discretion in denying judicial diversion. Upon review, we agree with the State.

In State v. King, 432 S.W.3d 316, 324–25 (Tenn. 2014), the Tennessee Supreme Court held that the abuse of discretion standard of review accompanied by a presumption of reasonableness, which was delineated in Bise and its progeny, applied to appellate review of a trial court's decision to grant or deny judicial diversion. However, the court made clear that the application of the Bise standard of review does not abrogate the

common law factors for judicial diversion set out in State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996), and State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998).

Tennessee Code Annotated section 40-35-313 outlines the requirements for judicial diversion. A qualified defendant is defined as a defendant who pleads guilty to or is found guilty of a misdemeanor or a Class C, D, or E felony; is not seeking diversion for a sexual offense as defined in the statute or a Class A or Class B felony; and does not have a prior conviction for a felony or a Class A misdemeanor. T.C.A. § 40-35-313(a)(1)(B)(i). After a qualified defendant either pleads guilty or is found guilty, a trial court has the discretion to defer further proceedings and place that defendant on probation without entering a judgment of guilt. T.C.A. § 40-35-313(a)(1)(A). Upon the qualified defendant completing a period of probation, the trial court is required to dismiss the proceedings against him. T.C.A. § 40-35-313(a)(2). The qualified defendant may then request that the trial court expunge the records from the criminal proceedings. T.C.A. § 40-35-313(b).

Judicial diversion is not a sentencing alternative for convicted defendants. T.C.A. § 40-35-104(c). The trial court must consider the following factors in deciding whether a qualified defendant should be granted judicial diversion: (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; (6) the deterrence value to the defendant and others; and (7) whether judicial diversion will serve the interests of the public as well as the defendant. Electroplating, Inc., 990 S.W.2d at 229 (citing Parker, 932 S.W.2d at 958; Bonestel, 871 S.W.2d at 168). The trial court may consider the following additional factors: "'[the defendant's] attitude, behavior since arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility and attitude of law enforcement.'" State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (quoting State v. Markham, 755 S.W.2d 850, 852–53 (Tenn. Crim. App. 1988) (citations omitted)). The trial court must weigh all of the factors in determining whether to grant judicial diversion. Electroplating, Inc., 990 S.W.2d at 229 (citing Bonestel, 871 S.W.2d at 168). Finally, "a trial court should not deny judicial diversion without explaining both the specific reasons supporting the denial and why those factors applicable to the denial of diversion outweigh other factors for consideration." State v. Cutshaw, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997) (citing Bonestel, 871 S.W.2d at 168).

Turning to the case sub judice, the Defendant argues that the trial court miscalculated the weight of the factors discussed in denying his request for judicial diversion. Specifically, the Defendant asserts that the trial court found four of the seven factors weighed in his favor with a fifth that weighed both for and against him.

- 4 -

Furthermore, the Defendant argues that the trial court used facts not in evidence—the alleged "rift" between the victim and her parents—in making its determination to deny judicial diversion. The State responds that the trial court properly considered and weighed the necessary factors in its determination to deny judicial diversion, emphasizing the deterrence value and the fact that the Defendant re-offended while out on bond. The State also asserts that the trial court focused only on the appropriate factors, and not outside evidence, when making its ruling.

In denying judicial diversion, the trial court acknowledged that the Defendant had no prior convictions and that there was nothing that weighed against him in his social history or his mental and physical health. However, the court was concerned because the Defendant committed the same offense after he had been indicted and weighed his post-arrest behavior heavily against him. The trial court also considered the circumstances of the offense and indicated that the Defendant effectively took advantage of the minor victim and that the deterrence value to such behavior weighed heavily against him. The trial court expressed its difficulty in determining whether judicial diversion would serve the best interests of the public and of the Defendant, ultimately deciding that the totality of the circumstances were such that judicial diversion would be denied.

Our review of the record demonstrates that the trial court explicitly analyzed each of the Electroplating, Inc. and Parker factors on the record during its ruling. The trial court considered and weighed the required factors, identified those most relevant to the case, and placed on the record its reasons for denying diversion. Thus, the trial court's decision is presumed reasonable. Although the Defendant asserts that the trial court relied on facts not in evidence, the record accurately reflects that no outside factors impacted the trial court's determination. Several factors weighed in favor of judicial diversion, including his social history, absence of a criminal record, and good physical and mental health; however, the trial court was concerned with the circumstances of the offenses and the Defendant's amenability to correction. Despite knowing his conduct was illegal and that he was under active prosecution, the Defendant continued to pursue the same activity that caused him to be arrested. The circumstances of these offenses and the Defendant's disregard for the law after being arrested weighed heavily against judicial diversion. See State v. Randy Shawn Moore, No. E2014-01790-CCA-R3-CD, 2015 WL 4314107, at *4 (Tenn. Crim. App. July 15, 2015) (affirming the denial of judicial diversion where the defendant committed a second offense against the same victim while on bond for the first offense); State v. Parson, 437 S.W.3d 457, 496 (Tenn. Crim. App. 2011) (affirming the denial of judicial diversion where the defendant's amenability to correction and the circumstances of the offense weighed heavily against judicial diversion despite the satisfactory remaining factors) (citing State v. Jonathan B. Dunn, No. M2005-01268-CCA-R3-CD, 2006 WL 1627335, at *9 (Tenn. Crim. App. June 12, 2006) (affirming the denial of judicial diversion where, even though factors (3),

- 5 -

(4), and (5) weighed in the defendant's favor, the circumstances of the offense were "particularly troublesome")); State v. Brian Carl Lev, No. E2004-01208-CCA-R3-CD, 2005 WL 1703186, at *3 (Tenn. Crim. App. Mar. 22, 2005) ("The denial of judicial diversion may be based solely on the nature and circumstances of the offense, so long as all the other relevant factors have been considered, and this factor outweighs others that might favorably reflect on the [defendant]'s eligibility.") (citing State v. Curry, 988 S.W.2d 153, 158 (Tenn. 1999)). The trial court determined, and we agree, that these factors outweighed the other factors considered by the court. Accordingly, we conclude that the trial court did not abuse its discretion in denying the Defendant judicial diversion. He is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and analysis, we affirm the judgments of the trial court.

_____
CAMILLE R. MCMULLEN, JUDGE